**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BASF CORPORATION, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )  **No.** |
| **v.** | ) |
| | )  **JURY TRIAL DEMANDED** |
| **THJR SHREWSBURY, MO, L.L.C.** | ) |
| **a/k/a and/or d/b/a TEAM 1** | ) |
| **AUTOMOTIVE GROUP** | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendant THJR Shrewsbury, MO, L.L.C. a/k/a and/or d/b/a Team 1 Automotive Group, Inc., ("Defendant"), alleges as follows:

## THE PARTIES

1.      BASF is a citizen of the States of Delaware and New Jersey.  BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2.      On information and belief, Defendant is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business at 120 South Central Avenue, Clayton, MO 63105.

3.      BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers as well as other related products and materials for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products").  BASF resells the Refinish Products to distributors that in

turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

4.      Defendant is the owner of body shops engaged in the business of refinishing and repainting automobiles, trucks, and other vehicles.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendant is a citizen of the State of Missouri. Defendant is subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in Missouri.

6.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendant is subject to the personal jurisdiction in this District.

7.      Minnesota substantive law governs BASF's claims per Paragraph 6 of the Requirements Agreement.

## GENERAL ALLEGATIONS

### *The Terms of the Requirements Agreement*

8.      On or about January 1, 2011, BASF and Defendant entered into a Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

9.      Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products

2

up to a minimum purchase requirement of $2,985,000.00 of Refinish Products ("Minimum Purchases") in the aggregate at suggested refinish pricing.

10.     Pursuant to Paragraph 4 of the Requirements Agreement, and in consideration for Defendant fulfilling all of its obligations under the January 1, 2011 Requirements Agreement, BASF forgave a true-up payment that was due from Defendant in the amount of $70,393.00 ("True-Up Payment") and agreed to assume $233,676.00 of unearned contract consideration ("Unearned Consideration") from two prior requirements agreements that were executed in February 2005 and January 2003. The True-Up and the Unearned Consideration amount to a total of $304,069.00 ("Contract Fulfillment Consideration").

11.     Pursuant to Paragraph 4 of the Requirements Agreement, if the Requirements Agreement was terminated for any reason prior to Defendant purchasing a minimum of $2,985,000.00 of Refinish Products, Defendant was required to refund one hundred percent of the Contract Fulfillment Consideration to BASF, totaling $304,069.00.

### *Defendant's Breach of the Requirements Agreement*

12.     In or about April of 2016, Defendant, without any justification, breached and ultimately terminated the Requirements Agreement.

13.     Since at least April 2016, Defendant has failed and refused to purchase any further Refinish Products in violation of Paragraphs 1, 2, and 3 of the Requirements Agreement.

14.     Defendant's breach occurred prior to Defendant purchasing a minimum of $2,985,000.00 of Refinish Products.  A purchase balance of approximately $1,182,448.00 remains due and owing under the terms of the Requirements Agreement.

15.     In violation of Paragraph 3 of the Requirements Agreement, Defendant has failed and refused to refund BASF the sum of $304,069.00 in unearned Contract Fulfillment Consideration.

16.     BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

17.     By correspondence dated May 11, 2017 and June 7, 2017, true and accurate copies of which are attached hereto, collectively, as Exhibit B and Exhibit C, BASF gave Defendant notice that Defendant was in default of its contractual obligations and demanded a refund of the Contract Fulfillment Consideration.  In addition, BASF notified Defendant that it would seek additional damages that it is entitled to if the matter progressed to litigation.

18.     Despite the foregoing demands, Defendant has failed to satisfy its obligations under the terms of the Requirements Agreement and to this day, has failed to satisfy its obligations.

## COUNT I

### Breach of Contract Against Defendant

19.     BASF incorporates by reference the allegations contained in the above paragraphs.

20.     Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to purchase one hundred percent of its $2,985,000.00 Minimum Purchases requirement of Refinish Products from BASF.

21.     Despite its obligations under the Requirements Agreement and in breach thereof, Defendant has failed to meet its Minimum Purchases requirement under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

4

22.     Pursuant to Paragraph 4 of the Requirements Agreement, because of Defendant's unjustified breach, Defendant is obligated to repay to BASF $304,069.00.

23.     As of the date of the filing of this Complaint, as a direct and proximate result of Defendant's breach, Defendant has damaged BASF under the Requirements Agreement as follows:

      a.  $304,069.00 for refund of the Contract Fulfillment Consideration; and

      b.  the remaining $1,182,448.00 balance of Defendant's Minimum Purchases requirement of $2,985,000.00.

24.     BASF has performed and fulfilled all obligations and conditions above and beyond what was required of it under the terms of the Requirements Agreement. Nevertheless, Defendant's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

**WHEREFORE**, BASF demands judgment against Defendant, awarding an amount to be determined at trial, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## COUNT II

### Breach of Implied Covenant of Good Faith and Fair Dealing

25.     BASF incorporates by reference the allegations contained in the above paragraphs.

26.     An obligation and/or covenant of good faith and fair dealing is implied in every agreement, which requires each party to act in good faith toward the other party and to refrain from engaging in conduct designed to defeat or obstruct the other party's ability to

perform or fulfill the requirements of an agreement or to enjoy the benefits for which it bargained.

       27.     Among other acts, Defendant breached the implied covenant of good faith and fair dealing when it intentionally:

       a.   Stopped purchasing Refinish Products from BASF despite failing to meet the Minimum Purchases requirement of $2,985,000.00; and

       b.   Refused to return the Contract Fulfillment Consideration of $304,069.00 to BASF, while knowingly breaching the Requirements Agreement.

       28.     As a direct and proximate result of Defendant's failure to act in good faith and deal fairly with BASF, BASF has suffered damages in an amount to be determined at trial but not less than $3,289,069.00.

       **WHEREFORE**, BASF demands judgment against Defendant, awarding an amount to be determined at trial, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## COUNT III

### Unjust Enrichment Against Defendant

       29.     BASF incorporates by reference the allegations contained in the above paragraphs.

       30.     Through BASF's business relationship with Defendant, Defendant accepted and received the benefit of the Contract Fulfillment Consideration given to Defendant by BASF.

31.     Despite demand for repayment, a balance of $304,069.00 remains unpaid and outstanding to BASF for the Contract Fulfillment Consideration.

32.     BASF expected remuneration of the $304,069.00 and Defendant's failure to give remuneration in the amount of $304,069.00 has unjustly enriched Defendant.

33.     It would be inequitable and unjust for Defendant to have received the benefit of the Contract Fulfillment Consideration while Defendant has not purchased one hundred percent of its requirements for Refinish Products up to a Minimum Purchases requirement of $2,985,000.00 of Refinish Products from BASF, per the Requirements Agreement.

34.     By reason of the foregoing, Defendant has been unjustly enriched by $304,069.00 for which BASF is entitled to be compensated in full by Defendant, together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendant, awarding an amount to be determined at trial, but not less than $304,069.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## COUNT IV

### Declaratory Relief Against Defendant

35.     BASF incorporates by reference the allegations contained in the above paragraphs.

36.     BASF requests a judicial declaration of BASF's and Defendant's respective rights under the Requirements Agreement.

37.     An actual dispute and justiciable controversy presently exists between BASF and Defendant concerning their rights and obligations under the Requirements Agreement.  Defendant contends that it has not breached the Requirements Agreement.  BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendant is in breach of the Requirements Agreement.

38.     A judicial declaration is necessary to establish BASF's and Defendant's rights and duties under the Requirements Agreement.

**WHEREFORE**, BASF demands declaratory judgment ruling that the Requirements Agreement is still in full force and effect, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), BASF demands a trial by jury on all counts and as to all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendant as follows:

a.     Awarding BASF monetary damages in an amount to be determined at trial, but not less than $3,289,069.00. together with prejudgment interest;

b.     Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

c.     Awarding BASF all costs and fees of this action as permitted by law; and

d.     Awarding BASF such other and further relief as this Court deems just and proper.

Dated: June 15, 2020

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By:      /s/   *Mark E. Goodman*
Mark E. Goodman, 22707 (MO)
8182 Maryland Ave., Fifteenth Floor
St. Louis, Missouri 63105
Phone: (314) 721-7701
Fax:     (314) 721-0554
goodman@capessokol.com